## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| SUE MEYER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.  3:20-cv-00137 |
| MIDLAND CREDIT MANAGEMENT, INC. | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Now Comes Plaintiff, SUE MEYER ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

### I.  Parties, Jurisdiction and Venue

1.     Plaintiff is a citizen of the State of Illinois and resides in the Southern District of Illinois.

2.     Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

3.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

4.     This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

5.     Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 350 Camino De La Reina, Suite 100, San Diego, California.

6.      Venue and personal jurisdiction are proper in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

7.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because:

    a.   MCM mailed the subject collection letter to an address within this District; and

    b.   MCM routinely collects defaulted personal credit card debts from persons who reside in this District.

8.      The court has personal jurisdiction over MCM because it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.     The Subject Debt**

9.      Prior to the conduct giving rise to the below described FDCPA claims, Plaintiff obtained credit (the "Subject Debt") from Capital One Bank (USA), N.A. in the form of a credit card.

10.     Plaintiff incurred the Subject Debt by purchasing items and services for personal and household use.

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

12.     Due to unforeseen circumstances beyond her control, Plaintiff was unable to keep up with her payment obligations and the Subject Debt fell into default status.

13.     MCM purchased the Subject Debt from Capital One Bank (USA), N.A.

### III. MCM's October 31, 2019 Letter Violated Sections 1692e(2)(A), 1692e(10) and 1692f of the FDCPA

14. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 10/31/2019 (the "October 31 Letter").

15. The below image is a true and accurate image of the body of the October 31 Letter:



16.     The below image is a true and accurate image of the lower portion of the October 31 Letter and depicts a detachable payment stub:



17.     The October 31 Letter is a standard form letter used by MCM.

18.     The October 31 Letter informed Plaintiff that she would "**SAVE 10%**" if she paid the Subject Debt by November 30, 2019.

19.     In part, the October 31 Letter described the 10% savings as an "[e]xcusive offer for your **CAPITAL ONE BANK (USA), N.A.** account . . . ." (emphasis in original).

20.     The first three sentences of the body of the October 31 Letter described the 10% savings offer as follows:

> This month we are going to save you money – 10% to be exact! This slashes your current debt of $2,097.43 to $1,887.69! All you need to do is visit **MidlandCredit.com** or call **877-653-5260**! Click or call today to take advantage of this Great offer!

(emphasis in original).

4

21.     The body of the October 31 Letter contained three boxes that described to Plaintiff the benefits of accepting the proposed 10% savings.

22.     The first box, using font larger than the font used in the above quoted sentences, said "**NO Interest!**" (emphasis in original).

23.     Immediately below the above quoted phrase, first box included the phrase "[y]our balance won't increase because MCM doesn't charge interest."

24.     Unbeknownst to unsophisticated consumers, MCM does not sell debts that it purchases to other debt buyers.

25.     The October 31 Letter, however, does not inform consumers that MCM does not sell debts that it purchases to other debt buyers.

26.     Accordingly, it is plausible for unsophisticated consumers to reasonably believe that their debt, which was purchased by a debt buyer, could be sold to another debt buyer.

27.     The second box, using font larger than the font used in the above quoted sentences, said "**NO More Calls!**" (emphasis in original).

28.     Immediately below the above quoted phrase, second box included the phrase "[o]nce resolved, we will STOP calling you on this account."

29.     The third box, using font larger than the font used in the above quoted sentences, said "**NO More Letters!**" (emphasis in original).

30.     Below the three boxes, the October 31 Letter emphasized the following words in bolded font: "**Hurry! This offer expires on 11/30/2019.**"

31.     In contrast to other form letters sent to debtors by MCM, the October 31 Letter did not contain any language stating, "[w]e are not obligated to renew any offers provided".

32.     Just like the October 31 Letter, MCM mailed two identically worded letters to Plaintiff where the letters were dated "12/26/2019".

33.     On information and belief, based upon the date upon which Plaintiff received the above-depicted envelope, MCM did not mail the envelope and enclosed letter on 12/26/2019, the date printed on the enclosed letter.

34.     Both of the December 26, 2019 letters failed to include the phrase, "We may, but are not obligated to, renew this offer."

**III.     MCM Has Violated Section 1692f(8)**

35.     Section 1692f(8) of the FDCPA prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

36.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

37.     In contrast to the October 31 Letter, MCM mailed both of the letters that were dated 12/26/2019 inside of envelopes that were embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

38.     As depicted below, the words "ATTENTION REQUESTED" were located within a circle formed by the words "IMPORTANT INFORMATION ENCLOSED".

[the remainder of this page is intentionally blank]

6

39.     The below image is a true and accurate image of an Attention Requested Envelope that MCM sent to Plaintiff on or about December 26, 2019:



40.     The above-depicted envelope contained a letter dated 12/26/2019.

41.     Like the October 31 Letter, MCM's letter dated 12/26/2019 proposed a 10% savings in Plaintiff paid the Subject Debt by 1/25/2020.

42.     The enclosed letter dated 12/26/2019 did not contain the phrase "[w]e are not obligated to renew any offers provided".

7

43.     Additionally, on or about December 26, 2019, MCM sent a second Attention Requested Envelope to Plaintiff which is depicted by the below image:



44.     The above-depicted envelope contained a letter dated 12/26/2019.

45.     On information and belief, based upon the date upon which Plaintiff received the above-depicted envelope, MCM did not mail the envelope and enclosed letter on 12/26/2019, the date printed on the enclosed letter.

8

46.     Like the October 31 Letter, MCM's letter dated 12/26/2019 proposed a 10% savings in Plaintiff paid the Subject Debt by 1/25/2020.

47.     The enclosed letter dated 12/26/2019 did not contain the phrase "[w]e are not obligated to renew any offers provided".

48.     When Plaintiff received the above identified Attention Requested Envelopes her attention was drawn to the fact that the Envelopes said, "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED."

49.     The Attention Requested Envelopes were formatted to emphasize the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED."

50.     The Attention Requested Envelopes' use of the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" cause Plaintiff and others like her to be attentive and curious as to the contents of the Envelopes.

51.     Based upon the literal meaning of MCM's words, Plaintiff and others like her reasonably believed that the Envelope or some "IMPORTANT INFORMATION ENCLOSED" within the Envelope was an attempt by MCM to collect the Subject Debt.

52.     Plaintiff and others like her reasonably understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that MCM had placed an "IMPORTANT" document inside of the envelope and that the document required her "ATTENTION".

53.     Reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" caused Plaintiff and others like her reasonably to suffer from stress and anxiety because she knew that the enclosed letter related to a debt show was unable to pay.

9

54.    The fact that the Envelope used the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" frightened Plaintiff and others like her reasonably led her and others to worry as to whether MCM was escalating its collection methods.

55.    Plaintiff and others like her reasonably thought that there would be no reason for MCM to use the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" - unless there was something "IMPORTANT" about the contents of enclosed Letter.

56.    After reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", Plaintiff immediately opened the Envelope in order to read the enclosed document and/or letter.

57.    After reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", consumers like Plaintiff would have immediately opened the Envelope in order to read the enclosed document and/or letter.

58.    MCM violated Section 1692f(8) the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the two Envelopes sent to Plaintiff on or about December 26, 2019.

59.    Upon information and belief, MCM violated Section 1692f(8) the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope that MCM sent to Plaintiff on or about October 31, 2019

60.    MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" on the Envelopes violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff and others like her to suffer from stress and anxiety about why the Envelopes said "IMPORTANT INFORMATION ENCLOSED".

61.     MCM's use of the words "ATTENTION REQUESTED" on the Envelope violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff and others like her to suffer from stress and anxiety about the type of "ATTENTION REQUESTED" that was enclosed inside of the Envelopes.

62.     Defendant also violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f of the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope because MCM's use of these words on the Envelope constituted unlawful instructions to Plaintiff where these instructions were ultimately false, deceptive, misleading, and unconscionable communications and means to attempt to collect the Subject Debt.

**IV.     Class Based Allegations and Contentions**

63.     Plaintiff seeks to represent a class of similarly situated consumers residing within this Judicial District where MCM attempted to collect a consumer debt originally owed to Capital One Bank (USA), N.A., where the letters were mailed inside of an Attention Requested Envelope. This proposed class can be defined by MCM's records.

64.     On information and belief, more that forty consumers with addresses located within this Judicial District were mailed Attention Requested Envelopes in an attempt to collect consumer debts originally owed to Capital One Bank (USA), N.A.

65.     Each proposed class is limited in time to persons who within one year of the filing of this action were mailed a similar form collection letter or Envelope or until such time as MCM ends its unlawful practices.

66.     The factual and legal issues related to MCM's transmission of the Attention Requested Envelope are common and typical of the proposed class members.

67.     Plaintiff also seeks to represent a class of similarly situated consumers residing within this Judicial District who were sent a letter in an attempt to collect a consumer debt originally owed to Capital One Bank (USA), N.A., where the letters used were in the same format of the October 31, 2019 Letter (regardless of the discount offered). This proposed class can be defined by MCM's records.

68.     On information and belief, more that forty consumers with addresses located within this Judicial District were mailed in the same format of the October 31, 2019 Letter in an attempt to collect consumer debts originally owed to Capital One Bank (USA), N.A.

69.     The factual and legal issues related to MCM's transmission of similarly formatted letters like the October 31, 2019 Letter are common and typical of the proposed class members.

70.     Plaintiff may redefine the proposed classes in relation to the total number of consumers identified by Defendant's discovery answers.

71.     The October 31, 2019 Letter is a standard form letter used by MCM.

72.     Because MCM sent the Attention Requested Envelope and October 31, 2019 Letter to Plaintiff and others like her, her claims are typical of the class members that she seeks to represent – other consumers who received the same Envelope.

73.     MCM's use of the Attention Requested Envelope satisfies the elements of typicality, commonality, predominance and superiority.

74.     Because MCM sent her a form collection letter, the Pre-Approved Letter, within the Attention Requested Envelope, her claims are typical of the class members that she seeks to represent – other consumers who received the same Envelope.

75.     MCM's conduct in mailing similar form letters within Attention Requested Envelopes satisfies the elements of typicality, commonality, predominance and superiority.

76.     A class action is a superior method of adjudicating the legality of MCM's conduct as opposed to MCM facing dozens of individual suits.

77.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

78.     For example, in an order appointing interim lead counsel, the court in *In re: Apple Inc. Device Performance Litigation*, 18-MD-02827 (N.D. Cal.) also appointed Mr. Vlahakis to serve as a member of the Plaintiffs' Steering Committee. *See*, Dkt. 99 (May 5, 2018, Order Consolidating Related Actions And Appointing Interim Co-Lead Plaintiffs' Counsel And Executive And Steering Committees at pp. 2-4, 6-7). Mr. Vlahakis also successfully won reversal of part of the district court's ruling in *Preston v. Midland*.

## IV.     Causes of Action

### Count I – The Attention Requested Envelope Violated § 1692f(8) of the FDCPA

79.     Plaintiff realleges the above paragraphs as though fully set forth herein.

80.     By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

81.     Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED."

82.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the enclosed letter.

83.     MCM mailed the Attention Requested Envelope to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

84.     The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

85.     Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a.  declare that the Attention Requested Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members maximum statutory damages; and

e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Attention Requested Envelopes Violate §§ 1692e and f of the Act**

86.     Plaintiff realleges the above paragraphs as though fully set forth herein.

87.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

88.     By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Section 1692f of the FDCPA because the use of these words on the face of the Envelope constituted a unfair or unconscionable means to collect or attempt to collect any debt where the enclosed collection letter merely reiterated a pre-approved settlement with identified deadlines that were illusory.

89.     As a result of MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", Plaintiff immediately opened the Attention Requested Envelope.

90.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" created a false sense of urgency to a least sophisticated consumer like Plaintiff.

91.     MCM mailed the Attention Requested Envelope to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

92.     The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f of the FDCPA because printing on the Attention Requested Envelope in this manner unfairly and/or unconscionably suggested that the enclosed collection letter contained, "IMPORTANT" "INFORMATION" when it is not clear whether the contents of the enclosed letter contains "IMPORTANT INFORMATION" that would "REQUEST" the recipient's "ATTENTION."

93.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and Section 1692f states "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

94.     MCM placed the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope to create a false sense of urgency to encourage and/or scare Plaintiff and others like her to open the Envelope and accept so-called "pre-approved" settlement offers.

95.     Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

96.     Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

97.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

98.     The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to create a false sense of urgency constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e.

99.     The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to create a false sense of urgency constitutes the "use unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f.

100.    Placing prohibited words on the face of the Attention Requested Envelope is a material violation of Section 1692f.

101.    The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

102.    Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a. declare that the Attention Requested Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count III – The Attention Requested Envelope Violates § 1692e(2)(A) of the Act

103.    Plaintiff realleges the above paragraphs as though fully set forth herein.

104.    The Attention Requested Envelope was mailed to hundreds of consumers within this District who owed a debt to MCM or one of MCM's affiliates.

105.    Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

17

106.   By formatting the Attention Requested Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter requested the recipient's "ATTENTION", MCM created a false sense of urgency depicting the "character" and/or "legal status" of the Subject Debt and the underlying debts of putative class members.

107.   Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

108.   Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

109.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

110.   The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(2)(A) because printing the Envelope in this manner falsely represented that the "character" or "legal status" of the contents of the Envelope was time-sensitive and/or demanded immediate "attention".

111.   Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers, the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(A)(2) by creating a *false sense of urgency* to other similarly situated consumers.

18

112.   The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

113.   The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

114.   The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

115.   Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a.   declare that the Attention Requested Envelope violates the FDCPA;

b.   enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.   award Plaintiff statutory damages of up to $1,000;

d.   award class members maximum statutory damages; and

e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The Attention Requested Envelope Violates § 1692e(10) of the FDCPA**

116.   Plaintiff realleges the above paragraphs as though fully set forth herein.

19

117.   Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

118.   By formatting the Attention Requested Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter requested the recipient's "ATTENTION", MCM created a false sense of urgency in violation of Section 1692e(10) of the FDCPA.

119.   Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

120.   Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

121.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

122.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(10) of the FDCPA because the quoted words constitute the use of false representations and deceptive means to attempt to collect the Subject Debt and the underlying debts of putative class members.

123.   Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers, the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(10) by creating a *false sense of urgency* to other similarly situated consumers.

124.    The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

125.    The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

126.    The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

127.    Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a.  declare that the Attention Requested Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members maximum statutory damages; and

e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – The Format and Wording of the October 31 Letter Violates Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA**

128.    Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

129.    As used in the October 31 Letter, the phrase "[y]our balance won't increase because MCM doesn't charge interest" is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA because the phrase falsely, deceptively and misleadingly suggests to an unsophisticated consumer that if the consumer did not accept the discounted offer that a future debt collector could charge interest.

130.    As used in the October 31 Letter, the phrase "[y]our balance won't increase because MCM doesn't charge interest" is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA because the phrase falsely, deceptively and misleadingly suggests to an unsophisticated consumer that MCM would not charge interest *if* the consumer accepted the discounted payment option.

131.    As used in the October 31 Letter, the phrase "[y]our balance won't increase because MCM doesn't charge interest" is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA because the phrase falsely, deceptively and misleadingly suggests to an unsophisticated consumer that MCM would or could charge interest *if* the consumer declined to accept the discounted payment option.

132.    As used in the October 31 Letter, the phrase "**NO More Calls!** Once resolved, we will STOP calling you on this account" is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA because the phrase falsely, deceptively and misleadingly suggests to an unsophisticated consumer that MCM could lawfully continue to send letters to a consumer *if* the consumer declined to accept the discounted payment option.

133.   As used in the October 31 Letter, the phrase "**NO More Calls!** Once resolved, we will STOP calling you on this account", is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA of the FDCPA because pursuant to Section 1692c of the FDCPA, a consumer has the right to ask a debt collector to stop contacting the consumer and a debt collector must comply.

134.   As used in the October 31 Letter, the phrase "**NO More Letters!** Once paid off, the letters will STOP" is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10)  of the FDCPA because the phrase falsely, deceptively and misleadingly suggests to an unsophisticated consumer that MCM could lawfully continue to send letters to a consumer *if* the consumer declined to accept the discounted payment option.

135.   As used in the October 31 Letter, "**NO More Letters!** Once paid off, the letters will STOP" is a false, deceptive and misleading statement in violation of Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA because pursuant to Section 1692c of the FDCPA, a consumer has the right to ask a debt collector to stop contacting the consumer and a debt collector must comply.

136.   The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

137.   Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

    a. declare that the formatting and wording of the October 31 Letter violates the FDCPA;

    b. enjoin Defendant MCM from using the format and wording of the October 31 in conjunction with any future collection letters;

    c. award Plaintiff statutory damages of $1,000;

    d. award class members maximum statutory damages; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VII – The Format and Wording of the October 31 Letter Violates Section 1692f of the FDCPA

138.    Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

139.    As used in the October 31 Letter, the phrase "[y]our balance won't increase because MCM doesn't charge interest" constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA because the phrase unfairly suggests to an unsophisticated consumer that if the consumer did not accept the discounted offer that a future debt collector could charge interest.

140.    As used in the October 31 Letter, the phrase "[y]our balance won't increase because MCM doesn't charge interest" constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA because the phrase unfairly suggests to an unsophisticated consumer that MCM would not charge interest *if* the consumer accepted the discounted payment option.

141.    As used in the October 31 Letter, the phrase "[y]our balance won't increase because MCM doesn't charge interest" is a false, deceptive and misleading statement in violation of constitutes an unfair means to attempt to collect a debt in violation of

Section 1692f of the FDCPA because the phrase unfairly suggests to an unsophisticated consumer that MCM would or could charge interest *if* the consumer declined to accept the discounted payment option.

142.   As used in the October 31 Letter, the phrase "**NO More Calls!** Once resolved, we will STOP calling you on this account" constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA because the phrase unfairly suggests to an unsophisticated consumer that MCM could lawfully continue to send letters to a consumer *if* the consumer declined to accept the discounted payment option.

143.   As used in the October 31 Letter, the phrase "**NO More Calls!** Once resolved, we will STOP calling you on this account" constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA because pursuant to Section 1692c of the FDCPA, a consumer has the right to ask a debt collector to stop contacting the consumer and a debt collector must comply.

144.   As used in the October 31 Letter, the phrase "**NO More Letters!** Once paid off, the letters will STOP" constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA because the phrase unfairly suggests to an unsophisticated consumer that MCM could lawfully continue to send letters to a consumer *if* the consumer declined to accept the discounted payment option.

145.   As used in the October 31 Letter, "**NO More Letters!** Once paid off, the letters will STOP" constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA because pursuant to Section 1692c of the FDCPA, a consumer has the right to ask a debt collector to stop contacting the consumer and a debt collector must comply.

146.   The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters in the same format as the October 31 Letter where the underlying debts were originally owed to Capital One Bank (USA), N.A.

147.   Alternatively, if sufficient numerosity is not demonstrated by discovery,

the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters in the same format as the October 31 Letter.

148.   The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters in the same format as the October 31 Letter where the underlying debts were originally owed to Capital One Bank (USA), N.A.

149.   Alternatively, if sufficient numerosity is not demonstrated by discovery,

the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters in the same format as the October 31 Letter.

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable

Court:

    a.   declare that the formatting and wording of the October 31 Letter violates the FDCPA;

    b.   enjoin Defendant MCM from using the format and wording of the October 31 in conjunction with any future collection letters;

    c.   award Plaintiff statutory damages of $1,000;

    d.   award class members maximum statutory damages; and

    e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VIII – The Failure of the Collection Letters to Contain the Phrase
"[w]e are not obligated to renew any offers provided" Violates
Section 1692e of the FDCPA**

150.   Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

151.   As noted above, the October 31 Letter and the two December 26, 2019 Letters do not contain the phrase "[w]e are not obligated to renew any offers provided."

152.   The Seventh Circuit Court of Appeals in *Preston v. Midland Management Inc.*, 18-3119 (Jan. 21, 2020) found that MCM's *use* of the phrase "[w]e are not obligated to renew any offers provided" did not violate Sections 1692e(2)(A) and 1692e(10) of the FDCPA in relation to a *different* form letter used by MCM. *Preston*, Op. at pp. 21-23.

153.   In a concurring opinion, however, Judge Ilana Rovner issued a concurring opinion expressing her doubts as to whether the phrase "[w]e are not obligated to renew any offers provided" properly communicated discounted payment options to consumers. *Preston*, Op. at p. 27.

154.   Judge Rovner explained the basis for her concurring opinion as follows:

> I write separately simply to point out one area in which the clarity from our circuit could be improved regarding the second issue for our review—the matter of safe-harbor language for claims under section 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.
>
> As section B of the opinion makes clear, in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), this court noted the tension between allowing creditors to use persuasive language to recover debts, and protecting unsophisticated consumers from "false, deceptive or misleading representations." *See* 15 U.S.C. § 1692e(2)(A); *Evory*, 505 F.3d at 775-76. In other words, creditors often use language that implies that debtors only have a limited time to take ad- vantage of a settlement offer, when, in fact, most creditors continue to renew their offers, and would be pleased to collect a creditor's money at any time. As the opinion notes, "[t]o accommodate the competing goals of the statute, we fashioned a safe harbor that would protect the consumer 'against receiving a false impression of his options' while encouraging debt collectors to make settlement offers." *Ante* at 20 (citing *Evory*, 505 F.3d at 775–76). That safe-harbor language is as follows: "We are not obligated to renew this offer."

27

*Preston*, Op. at p. 27.

155.   Judge Rovner's concurring opinion indicated that she *did not believe* that the phrase "[w]e are not obligated to renew any offers provided" properly informed unsophisticated consumers of the fact that a discounted settlement would likely be renewed. According to Judge Rovner, "[I] have doubts that this language actually accommodates the competing goals that the *Evory* court identified." *Preston*, Op. at p. 27.

156.   In so noting, Judge Rovner explained why the previously recommended phrase  was problematic:

> In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. *See Evory*, 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount"). As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought.

*Preston*, Op. at p. 28.

157.   At the end of Judge Rovner's concurring opinion she suggested alternative language:

> Adding the following two words to the language, undoubtedly would do so more accurately: "We may, but are not obligated to, renew this offer."

*Preston*, Op. at p. 28.

158.   Here, the October 31 Letter and December 26 Letters contain no language to alert consumers like Plaintiff that a discount or settlement offer will likely be renewed.

159.   By failing to include language to alert consumers like Plaintiff that the 10% discount offer could, but was not required to be renewed, the contents of the October 31 Letter and December 26, 2019 Letters constitute a false, deceptive and/or misleading

28

representation or means in the connection of the collection of a consumer debt in violation of Section 1692e of the FDCPA.

160.    The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

161.    Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a.  declare that MCM violated Section 1692e the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b.  require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members maximum statutory damages; and

e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IX – The Failure of the Collection Letters to Contain the Phrase "[w]e are not obligated to renew any offers provided" Violates Section 1692e(2)(A) of the FDCPA**

162.    Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

163.    As noted above, the October 31 Letter and the two December 26, 2019 Letters do not contain the phrase "[w]e are not obligated to renew any offers provided."

164.   The October 31 Letter and December 26 Letters contain no language to alert consumers like Plaintiff that a discount or settlement offer will likely be renewed.

165.   By failing to include language to alert consumers like Plaintiff that the 10% discount offer could, but was not required to be renewed, the October 31 Letter and December 26, 2019 Letters constitute a representation regarding the character and legal status of a consumer debt in violation of Section 1692e(2)(A) of the FDCPA.

166.   The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

167.   Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a.   declare that MCM violated Section 1692e(2)(A) the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b.   require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c.   award Plaintiff statutory damages of $1,000;

d.   award class members maximum statutory damages; and

e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count X – The Failure of the Collection Letters to Contain the Phrase "[w]e are not obligated to renew any offers provided" Violates Section 1692e(10) and 1692f of the FDCPA**

168. Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

169. As noted above, the October 31 Letter and the two December 26, 2019 Letters do not contain the phrase "[w]e are not obligated to renew any offers provided."

170. Here, the October 31 Letter and the December 26, 2019 Letters contain no language to alert consumers like Plaintiff that a discount or settlement offer will likely be renewed.

171. By failing to include language to alert consumers like Plaintiff that the 10% discount offer could, but was not required to be renewed, the contents of the October 31 Letter constitute a false representation and/or deceptive means in an attempt to collect a consumer debt in violation of Section 1692e(10) of the FDCPA.

172. The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

173. Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

> a. declare that MCM violated Section 1692e(10) of the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

    b.   require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

    c.   award Plaintiff statutory damages of $1,000;

    d.   award class members maximum statutory damages; and

    e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count XI – The Failure of the Collection Letters to Contain the Phrase "[w]e are not obligated to renew any offers provided" Violates Section1692f of the FDCPA**

174.   Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

175.   As noted above, the October 31 Letter and the two December 26, 2019 Letters do not contain the phrase "[w]e are not obligated to renew any offers provided."

176.   Here, the October 31 Letter and the December 29, 2019 Letters contain no language to alert consumers like Plaintiff that a discount or settlement offer will likely be renewed.

177.   By failing to include language to alert consumers like Plaintiff that the 10% discount offer could, but was not required to be renewed, the October 31 Letter constitutes an unfair means to attempt to collect a debt in violation of Section 1692f of the FDCPA.

178.   The proposed class is defined as follows:

    All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One Bank (USA), N.A.

179.   Alternatively, if sufficient numerosity is not demonstrated by discovery, the proposed class could defined as follows:

All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692f of the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count XII – The False Mailing Date of The 12/26/2019 Letters Violates Section1692f of the FDCPA**

180. Plaintiff incorporates realleges the above paragraphs as though fully set forth herein.

181. On information and belief, the two 12/26/2019 Letters were not mailed to Plaintiff on December 26, 2019.

182. Instead, the letters were mailed out days later by MCM to create a shorter response date to the proposed offer identified on the letters.

183. This conduct violates Section 1692f of the FDCPA because misleading a debtor as to the mailing date of a letter to create a shorter response time constitutes the use of an unfair and/or unconscionable means to collect a debt.

184. This conduct also constitutes a false, deceptive and/or misleading representation or means in connection with the collection of a debt in violation of Section 1692e of the FDCPA.

185. The proposed class is defined as follows:

>All persons with mailing addresses within this District who were mailed collection letters similar to the form of the October 31 Letter where the letters where MCM's records show that the letters were not mailed out on the date listed on the letters where the underlying debts were originally owed to Capital One Bank (USA), N.A.

186. Alternatively, if sufficient numerosity is not demonstrated by discovery,

the proposed class could defined as follows:

>All persons with mailing addresses within this District who were mailed collection letters similar to the form of the October 31 Letter where the letters where MCM's records show that the letters were not mailed out on the date listed on the letters.

**WHEREFORE**, Plaintiff SUE MEYER respectfully requests that this Honorable

Court:

a. declare that MCM violated Sections 1692e and f of the FDCPA not mailing the collection letters on the dates indicated on the letters.

b. require MCM to mail out letters on the day in question or no more than one day later;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial as to all applicable Counts*

Plaintiff SUE MEYER individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
jvlahakis@sulaimanlaw.com

Dated: 2/3/2020