## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUE MEYER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-00137-NJR |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Reconsider (Doc. 54) filed by Defendant Midland Credit Management, Inc. ("Midland"). For the reasons set forth below, the Court denies the motion.

Motions for reconsideration are only appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Midland seeks reconsideration of the Court's Order of August 26, 2020 (Doc. 54), which denied Midland's Motion to Transfer (Doc. 39). As grounds for reconsideration, Midland notes that the Court denied the Motion before Midland had a chance to file its

reply brief, which it entered along with the instant motion on August 27. In justifying its reply, Midland states that "Plaintiff's Opposition seriously misconstrued issues of fact and law not raised in Defendant's initial Motion" and that its reply provides additional information and context necessary for consideration of the Motion to Transfer.

The Court starts by noting that reply briefs are frowned upon in this district, and are permitted only upon a showing of exceptional circumstances. SDIL-LR 7.1(g). Because reply briefs are rare and exceptional, the Court may not assume that parties intend to file a reply, and parties that due intend to file a reply brief are advised to notify the Court in order to ensure that the Court will not address a motion before a reply is filed. Here, any reply by Midland would have been due on August 26, the same day that the Court issued its order. Midland did not file a reply by that date, instead filing it on August 27 attached to the instant motion. Thus, Midland's reply was not timely.

Even if Midland's reply had been timely, it does not in fact appear to be justified by exceptional circumstances, nor does it present new facts or indicate an error of misapprehension by the Court that would justify reconsideration. Midland largely reiterates arguments made in its initial motion about the similarities between this action, the *Preston* action, and other actions in the Northern District of Illinois. The Court is well aware that this action does share many common features with the actions in that district, yet there are differences in factual and procedural postures of those cases which led the Court to conclude that the first-filed rule should not be applied. The Court notes the vociferous disagreement between the parties as to the exact nature of the arguments and procedural status of the cases in the Northern District. Indeed, the apparent antagonism

between the plaintiff's and defendant's counsel and resulting slow progress of litigation in the Northern District contributed to this Court's decision not to order a transfer, feeling that the relatively simple questions involved in this case would be more expediently resolved in this forum, without risk of being sidetracked by quarrels and tracasseries connected with other peripherally related actions.

Accordingly, the Court **DENIES** Midland's Motion for Reconsideration.

**IT IS SO ORDERED.**

**DATED:   August 31, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**